Robert Eldridge JENNISON,
Petitioner–Appellant,

v.

B.D. GOLDSMITH, Warden; Attorney General of the State of Arizona, Respondents–Appellees.

No. 87–2977.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 1, 1989.*

Submission Vacated July 27, 1990.

Resubmitted Dec. 18, 1990.

Decided Aug. 8, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Sandra Lynn Slaton, Paradise Valley, Ariz., for petitioner-appellant.

Greg A. McCarthy, Asst. Atty. Gen., Dept. of Law, State of Arizona, Phoenix, Ariz., for respondents-appellees.

Before BROWNING, KOZINSKI and RYMER, Circuit Judges.

PER CURIAM:

The question is whether petitioner Jennison exhausted state remedies, although he failed to present his claims to the Arizona Supreme Court, on the basis of that Court's declarations in *Arizona v. Shattuck*, 140 Ariz. 582, 684 P.2d 154, 157 (1984) and *Arizona v. Sandon*, 161 Ariz. 157, 777 P.2d 220, 221 (1989) (en banc), that state remedies were exhausted without seeking review in the Arizona Supreme Court. The district court held he did not.[1] We agree.

The Arizona Supreme Court held in *Shattuck* counsel need not petition the Court for review to satisfy the obligation imposed upon counsel by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because, "[o]nce the defendant has been given the appeal to which he has a *right*, state remedies have been exhausted," *Shattuck*, 684 P.2d at 157 (emphasis added), and review by the Arizona Supreme Court was entirely discretionary. The Court broadened this ruling in *Sandon*, holding a petitioner need not seek review by the Arizona Supreme Court to exhaust state remedies for purposes of federal habeas. *Sandon*, 777 P.2d at 221.[2] The Court said "[n]ot only is this Court not 'required to accept petitions for review in *Anders* type cases,' we are not *required* to

Robert E. Jennison, pro per.

---

1. The district court also dismissed the action because Jennison failed to assert one of his claims in his state appeal (that the trial judge's unfairness and incompetence resulted in denial of his constitutional rights). The record reflects Jennison did assert before the state court of appeals, however inartfully, that the trial judge's incompetency resulted in a denial of petitioner's rights to due process and equal protection.

2. Sandon presented twelve issues to the state court of appeals for review. In his subsequent petition to the Arizona Supreme Court for review, Sandon selected the three issues he believed most likely to result in a discretionary

accept them in any case." *Id.* (citations omitted). Once decided by the court of appeals, "the case in the Arizona courts is over. The issues decided by the Court of Appeals, even though they had not been presented to this Court in a petition for review, are no longer open to substantive review by this Court, or in any other court in Arizona.... State remedies have been exhausted." *Id.*

■■■ The Arizona Supreme Court has confused review as of right under state law with "the right under the law of the state to raise" an issue within the meaning of the federal habeas statute. 28 U.S.C. § 2254 (1988). While Jennison does not have an appeal as of right to the Arizona Supreme Court, *see* Ariz.Rev.Stat.Ann. §§ 12–120.21(A)(1), 13–4031, he does have the right to raise before the Arizona Supreme Court the issue he seeks to raise in federal habeas, *see id.* § 12–2001; Ariz.R. Crim.P. 31.19 [hereinafter Rule 31.19].[3] Although review under Rule 31.19 is discretionary, it is nevertheless a state remedy that remains available to Jennison. *See Kellotat v. Cupp,* 719 F.2d 1027, 1031 (9th Cir.1983) ("[T]he discretionary jurisdiction of the Oregon Supreme Court and the nature of its exercise are not sufficient to justify a defendant's bypassing that Court in the regular process of exhausting appellate review."); *McNeeley v. Arave,* 842 F.2d 230, 231–32 (9th Cir.1988) (petitioner failed to exhaust state remedies because he did not seek discretionary review by the state supreme court). We must determine then whether the Arizona Supreme Court may authorize the bypass of an available state remedy for federal exhaustion purposes.

We have previously rejected an approach to exhaustion that allowed the bypass of state supreme court review by agreement between the parties. *Batchelor v. Cupp,* 693 F.2d 859, 862–63 (9th Cir.1982); *see also Grooms v. Keeney,* 826 F.2d 883, 885 (9th Cir.1987); *Branch v. Cupp,* 736 F.2d 533, 535 (9th Cir.1984); *Allbee v. Cupp,* 716 F.2d 635, 635 (9th Cir.1983). In *Batchelor,* Oregon public defenders and the state attorney general informally agreed criminal defendants would not seek discretionary review in the Oregon Supreme Court, and in return, the state would not argue failure to exhaust state remedies in response to a federal habeas petition. *Batchelor,* 693 F.2d at 861. We disapproved this agreement, holding,

> Any system that would vest in the public defender an option to bypass state Supreme Court review deliberately while retaining the possibility of federal habeas corpus review is inconsistent with § 2254.
>
> ... In the future, the exhaustion requirement of § 2254 will not be deemed satisfied until the petitioner demonstrates that his claim has been presented to the state's highest court, or that no state remedy is available and that the nonavailability was not caused by a deliberate bypass.

*Id.* at 863.

The plain language of the habeas statute and the reasons underlying *Batchelor* and subsequent cases convince us *Batchelor* controls this case.

*Batchelor, Grooms, Branch,* and *Allbee* track the plain language of the habeas

---

grant of review under Ariz.R.Crim.P. 31.19. The Court denied the petition. Sandon then applied for habeas relief in the federal district court on all of his claims, including eight claims that had not been presented in Sandon's petition for review. *Sandon,* 777 P.2d at 220. The federal district court dismissed Sandon's petition for failure to exhaust state remedies. Sandon filed a petition to review his remaining issues in the Arizona Supreme Court in order to exhaust state remedies as to them. The Arizona Supreme Court dismissed the petition on the

ground that for federal habeas purposes state remedies were exhausted as to Sandon's claims once presented to the Arizona Court of Appeals. *Id.* at 221.

**3.** A habeas petition necessarily claims error regarding a federal constitutional issue, a type of question that falls under Rule 31.19's "non-exhaustive list of grounds which might persuade this court to exercise its discretionary powers of review in a criminal case." *Shattuck,* 684 P.2d at 157 (footnote omitted).

statute. Section 2254(c) reads, "[a]n applicant shall not be deemed to have exhausted the remedies in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (1988). Because Jennison has "the right under the law of [Arizona] to raise, by [a Rule 31.19 petition], the question presented," he has not exhausted state remedies according to the plain language of Section 2254(c).[4]

Arizona presents an appealing case for the rule set out in *Shattuck* and *Sandon*. The Arizona Supreme Court, like the Oregon Supreme Court, is a policy-setting body in the state judicial center and lacks the resources to consider "large numbers of prisoner petitions seeking to exhaust state remedies," *Sandon*, 777 P.2d at 220, except for the particular claims petitioners may choose to bring under Rule 31.19. *See also Shattuck*, 684 P.2d at 157 ("The system is strained to the point that we cannot afford the luxury of repeated review of trivia or issues of small merit."). Allowing prisoners to elect to bypass the Arizona Supreme Court and go directly to federal court would lighten the Court's load and streamline the habeas process.

■■■ However, as we pointed out in *Batchelor*, the policy considerations underlying the statutory exhaustion requirement compel us to reject this argument. The

basic principle underlying the exhaustion requirement is that "state courts, like federal courts, have a duty to protect rights secured by the Constitution." *Batchelor*, 693 F.2d at 862.[5] The exhaustion requirement also serves the federal interest in economizing scarce federal judicial resources. *Batchelor*, 693 F.2d at 862 ("If the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts.").[6]

Petitioner argues the *Batchelor* court's basis for decision was the discretion left to the public defenders to decide what cases to present to the Oregon Supreme Court. "Public defenders' responsibility to represent their clients forcefully cannot be diluted by an option not to seek review of 'unimportant' cases." *Id.* at 863. He notes that there is no place for the exercise of discretion by counsel under *Sandon*—state remedies are to be treated as exhausted for federal habeas purposes in *all* cases reviewed on the merits by the Arizona court of appeals and subject to discretionary review by the Arizona Supreme Court. *Sandon*, 777 P.2d at 221. However, the rule adopted in *Sandon* does not satisfy the concerns of comity and federal judicial economy addressed by the exhaustion requirement.

We are mindful of the problem *Sandon* seeks to address. We are confident Arizona can ameliorate the burden of reviewing petitions for review by employing "creative summary procedures so that state prisoners may present their federal constitutional claims to the [state] Supreme

---

4. Petitioner's contention that the law of the state determines whether remedies are exhausted for federal habeas purposes is similarly misplaced. The state may prescribe what remedies are available to a prisoner alleging incarceration in violation of federal law, *see, e.g.,* Rule 31.19, but federal law requires that any remedies made available by the state must be exhausted.

5. The exhaustion requirement also furthers the principle of comity because it serves "to foster increased state court familiarity with federal law." *Buffalo v. Sunn,* 854 F.2d 1158, 1163 (9th Cir.1988).

6. Moreover, allowing petitioners to bypass the state supreme court on some claims may present substantial practical and procedural difficulties. For example, a petitioner could bypass the state supreme court, lose in federal system, and then, theoretically, appeal the losing constitutional claim back to the state supreme court. Such a procedure impermissibly undercuts the finality of the federal court's decision.

**1312**

Court before coming to federal court." *Batchelor* 693 F.2d at 863; *see, e.g., Thompson v. Procunier,* 539 F.2d 26, 28 (9th Cir.1976) (state court presumed to have had opportunity to rule on the merits for the purposes of exhaustion when it denies habeas petition without stating a reason); *Harris v. Superior Court,* 500 F.2d 1124, 1128–29 (9th Cir.1974) (en banc) (California Supreme Court "postcard denials" without opinion or citation satisfy exhaustion requirement).[7]

Although the district court correctly determined petitioner did not exhaust state remedies when he failed to seek review of his claims by the Arizona Supreme Court, we reverse and remand for consideration of whether Supreme Court review is procedurally barred under Arizona law. *See Castille v. Peoples,* 489 U.S. 346, 351–52, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) (holding petitioner failed to exhaust when he presented his claims in petitions for allocatur, but remanding since "[t]he requisite exhaustion may nonetheless exist ... if it is clear that respondent's claims are now procedurally barred under [state] law.").

REVERSED and REMANDED.

---

**7.** We also note that the Arizona Supreme Court in *Sandon* and *Shattuck* did not hold that it will *never* grant review of certain types of federal claims, but only that a defendant need not petition the Court for review of federal claims to satisfy the exhaustion requirement. Thus, we would have a different case if a state supreme court determined that even though it had the discretionary authority to review certain types of claims, it will never exercise that authority, or will limit exercise of it to clearly defined situations not present in the case submitted to the federal court. In such a case, petitioner's failure to seek state supreme court review of these excluded claims might be excused due to "the existence of circumstances rendering [the available State corrective] process ineffective to protect the rights of the [petitioner]." 28 U.S.C. § 2254(b); *see also Granberry v. Greer,* 481 U.S. 129, 136 & n. 8, 107 S.Ct. 1671, 1676 & n. 8, 95 L.Ed.2d 119 (1987).