958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary William BERNARD, Petitioner-Appellant,
v.
Roger CRIST, et al., Respondents-Appellees.
 No. 90-16815.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992*.
Decided March 17, 1992.
 
 Before BROWNING, POOLE, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary William Bernard, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Bernard raised the following grounds for federal habeas corpus relief:
 
 
 4
 1) ineffective assistance of trial counsel;
 
 
 5
 2) prosecutorial misconduct (use of perjured testimony);
 
 
 6
 3) judicial misconduct;
 
 
 7
 4) prosecutorial misconduct (comments during trial);
 
 
 8
 5) suppression of evidence.
 
 Procedural Default
 
 9
 "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law...." Coleman v. Thompson, 111 S.Ct. 2546, 2551 (1991) (citations omitted). Even in the absence of a showing of cause for the procedural default, a federal habeas court may grant a writ of habeas corpus under extraordinary circumstances. Murray v. Carrier, 477 U.S. 478, 496 (1986). An ineffective assistance of counsel claim first must be exhausted separately in state court before it can serve as cause for the procedural default of another claim. Id. at 489.
 
 
 10
 Bernard raised claims two, three, and four in his petition for postconviction relief under Ariz.R.Crim.P. 32, but failed to raise them on direct appeal. Therefore, the Arizona Court of Appeals determined that under state law Bernard was procedurally barred from seeking relief based on those three claims. As cause for his procedural default, Bernard contends that he received ineffective assistance of counsel because his attorney did not raise these claims on direct appeal.[1] This contention lacks merit.
 
 
 11
 To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance was deficient and that the deficient performance prejudiced his or her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 12
 Here, Bernard's counsel's performance was not deficient. His decision to raise some issues on direct appeal and not others was a tactical decision that falls within counsel's authority. See Jones v. Barnes, 463 U.S. 745, 754 (1983) (defense counsel does not have a duty to raise every colorable claim suggested by a client). Therefore, because Bernard failed to establish cause for his procedural default, this court need not consider whether Bernard has shown actual prejudice resulting from the alleged constitutional violations. See Smith v. Murray, 477 U.S. 527, 533 (1986). Bernard also failed to show any exceptional circumstances that would excuse his failure to show cause for his procedural default. See Murray v. Carrier, 477 U.S. at 496. Accordingly, because Bernard received effective assistance of appellate counsel, we affirm the district court's determination that Bernard's state procedural default barred federal review of the merits of claims two, three, and four. See Coleman, 111 S.Ct. at 2551; Strickland, 466 U.S. at 687; Santos, 741 F.2d at 1169.
 
 Ineffective Assistance of Trial Counsel
 
 13
 Bernard contends that he was denied effective assistance of trial counsel because his counsel (1) failed to ensure a fair trial, (2) failed to conduct an adequate investigation and interview key witnesses, (3) failed to cross-examine a witness, and (4) failed to object to improper testimony. These contentions lack merit.
 
 
 14
 The record shows that defense counsel conducted a thorough investigation and did not perform deficiently at trial. Furthermore, defense counsel's decision not to object to certain testimony was a tactical decision. Accordingly, Bernard received effective assistance of trial counsel. See Strickland, 466 U.S. at 687; Guam, 741 F.2d at 1169.
 
 Suppression of Evidence
 
 15
 Bernard contends that he is entitled to a new trial because the state suppressed evidence that a police officer allegedly forced Larry Kern to implicate Bernard in the crime of stealing an air compressor. This contention lacks merit because the only evidence in support of Bernard's contention came from Kern's affidavit and testimony, which the state trial court declared were not credible. The state court's factual finding is amply supported by the record, and therefore is entitled to a presumption of correctness. See Sumner v. Mata, 455 U.S. 591, 591-93 (1982).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Bernard's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bernard raised the ineffective assistance of appellate counsel claim in the Arizona Court of Appeals in a petition for postconviction relief, but failed to present the claim to the Arizona Supreme Court. Therefore, he has failed to exhaust state remedies. See Jennison v. Goldsmith, 940 F.2d 1308, 1310-11 (9th Cir.1991). Nevertheless, the district court addressed this claim on the merits. Because Bernard's ineffective assistance claim lacks merit, we will not send him back to state court to try to present it. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987) (if the claims presented in a habeas petition are meritless, this court may determine that the interests of comity and federalism would not be served by requiring exhaustion of state remedies)