5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leo Newton MAXWELL, Petitioner-Appellant,
v.
George DEEDS, Warden, et al., Respondents-Appellees.
 No. 92-17057.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-92-00389-PMP; Philip M. Pro, District Judge, Presiding.
 D.Nev.
 VACATED AND REMANDED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leo Newton Maxwell appeals pro se the district court's dismissal of his petition for a writ of habeas corpus for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 28 U.S.C. Sec. 2253, and we vacate the dismissal and remand for further proceedings in district court.
 
 
 3
 * Maxwell was indicted under Nevada law for murder and other offenses, in connection with the death of Alma Agnis during cosmetic surgery by Maxwell, who is not a physician and who had made false statements to obtain a license to practice homeopathic medicine. On March 24, 1986, Maxwell pled guilty to a three-count amended indictment which charged involuntary manslaughter and other offenses. He did not file a direct appeal to the Nevada Supreme Court.
 
 
 4
 Maxwell's petition for post-conviction relief in Nevada district court was dismissed on July 12, 1990. The Nevada Supreme Court denied his subsequent petition for mandamus on the ground that mandamus was not a proper remedy because Maxwell had an appeal available from the denial of his post-conviction relief petition. Maxwell then filed a second petition for post-conviction relief in Nevada district court, which was denied on October 5, 1990. A subsequent appeal to the Nevada Supreme Court was dismissed. Finally, on July 22, 1991, he filed a motion to correct an illegal sentence, which was denied in Nevada district court.
 
 
 5
 Maxwell filed the instant federal habeas petition on May 11, 1992, presenting three claims: (1) ineffective assistance of trial counsel, (2) involuntary plea and lack of proper canvass by trial court, and (3) lack of trial court jurisdiction to accept a guilty plea based upon an improper amended indictment. The state concedes that he has exhausted the third claim. The district court adopted the magistrate judge's conclusion that "the record of this case contains absolutely no state court document which definitively refers to grounds (1) and (2)," and dismissed the petition. This timely appeal followed.
 
 II
 
 6
 A habeas petition "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. Sec. 2254(b). The Supreme Court has held that Sec. 2254(b) requires dismissal of a petition containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).[1] "The exhaustion requirement may be satisfied in two ways: by showing either that no state remedies are available or that the state supreme court has been presented with a fair opportunity to rule on the merits of the claim." Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir.1992).
 
 III
 
 7
 Maxwell contends that he has exhausted his ineffective assistance and involuntary plea claims.
 
 
 8
 * Maxwell exhausted his ineffective assistance claim by fairly presenting it to the Nevada courts. His second petition for post-conviction relief contains a section with the following heading: "COUNSEL THAT WAS RETAINED BY LEO NEWTON MAXWELL DURING TRIAL PROCEEDINGS WAS INEFFECTIVE INASMUCH AS COUNSEL ALLOWED MAXWELL TO PLEAD GUILTY TO AN UNLAWFUL CHARGING DOCUMENT TERMED 'AMENDED INDICTMENT'. THIS VIOLATED LEO NEWTON MAXWELL'S SIXTH AMENDMENT GUARANTEE OF EFFECTIVE ASSISTANCE OF COUNSEL." (original emphasis). On appeal of the denial of the petition to the Nevada Supreme Court, Maxwell also presented this argument. The district court found that these arguments did not exhaust Maxwell's ineffective assistance claim because the Nevada district court and Nevada Supreme Court rulings on the petition do not refer to the claim. The district court stated that "[t]he foundation for the denial of Maxwell's second petition ... appears to be MAXWELL's failure to follow proper Nevada procedure...."
 
 
 9
 Our exhaustion law does not require that state courts rule definitively on a federal claim, but only that the claim be "fairly presented" to the state courts. Anderson, 459 U.S. at 6. The fact that a claim was rejected on procedural grounds by the state courts means not that it was not exhausted, but that it may be barred under the doctrine of procedural default. See Wainwright v. Sykes, 433 U.S. 72 (1977).[2]
 
 B
 
 10
 Maxwell did not fairly present his involuntary plea claim to the Nevada courts. He argued in his second post-conviction relief petition that he "did not enter either an intelligent or voluntary plea of guilty...." However, Maxwell did not appeal this claim to the Nevada Supreme Court.
 
 
 11
 Nevertheless, it appears that Maxwell has no additional remedies available in state court. He has waived his direct appeal and filed two petitions for post-conviction relief (as well as a motion to correct his sentence). He apparently may not reassert the involuntary plea claim in a future petition. See Rogers v. Warden, Nevada State Prison, 468 P.2d 993, 994 (Nev.) (successive post-conviction relief petitions need not be entertained where petitioner does not "satisfactorily explain" failure to present argument in earlier petition), cert. denied, 400 U.S. 846 (1970). The exhaustion requirement is satisfied where a federal habeas petitioner has no state remedies available. Harmon, 959 F.2d at 1460; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir.1991). The district court did not consider whether Maxwell has available state remedies as to his involuntary plea claim. Remand for determination of whether such remedies are available is therefore appropriate. Jennison, 940 F.2d at 1312.
 
 IV
 
 12
 We do not reach Maxwell's arguments on the merits of his habeas claims. The claims must be considered in the first instance by the district court, if they are not procedurally barred.
 
 
 13
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the exhaustion requirement is not jurisdictional, it is "to be strictly enforced," Strickland v. Washington, 466 U.S. 668, 684 (1984). Maxwell argues that the exhaustion requirement should be relaxed in the present case. However, he offers no authority that this case fits into any recognized exception to exhaustion
 
 
 [2]
 We leave to the district court to determine on remand if this claim is procedurally defaulted, or if the Nevada district court's conclusion that Maxwell "fails to raise cognizable issues" and the Nevada Supreme Court's conclusion that Maxwell "cannot demonstrate error" constitute adjudication on the merits