5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William Guy ANTONELLI, Petitioner-Appellant,
v.
Samuel A. LEWIS, Respondent-Appellee.
 No. 92-15108.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1993.*
Decided Sept. 27, 1993.
 
 1
 Before: PREGERSON, BEEZER, Circuit Judges, and TAKASUGI, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 William Guy Antonelli appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. Sec. 2254 and the denial of his motion to expand the record. We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291. We affirm the district court's denial of both the petition and the motion.
 
 I.
 
 4
 Antonelli was convicted on one count of third-degree burglary for stealing packages of meat from a market in Pima County, Arizona. Antonelli appealed his conviction to the Arizona Court of Appeals challenging: (1) his arraignment, (2) the State's application of the burglary statute to shoplifting conduct; (3) the trial court's instruction to the jury that they could take notes; (4) the trial court's failure to instruct the jury on the elements of criminal trespass in the second-degree as a lesser-included offense; (5) the trial court's failure to instruct the jury on the elements of shoplifting as a lesser-included offense; (6) the trial court's finding regarding Antonelli's prior felony convictions; (7) the trial court's denial of Antonelli's motion for judgment of acquittal; (8) insufficiency of the evidence; and (9) ineffective assistance of counsel. The Court of Appeals affirmed the judgment below.
 
 
 5
 Antonelli sought timely review by the Arizona Supreme Court of the following issues: (1) improper arraignment; (2) the trial court's failure to instruct on the elements of shoplifting as a lesser-included offense; (3) ineffective assistance of counsel; and (4) improper application of the burglary statute to shoplifting conduct. Antonelli also asserted additional acts of ineffective assistance of counsel not challenged in the Court of Appeals and raised an issue of selective prosecution. The Arizona Supreme Court denied review.
 
 
 6
 Thereafter, Antonelli filed a petition for writ of certiorari in the United States Supreme Court asserting the following issues: (1) selective prosecution; (2) unconstitutionality of the burglary statute; (3) excessive sentence; and (4) ineffective assistance of counsel. The Supreme Court denied the petition. Antonelli v. Arizona, 111 S.Ct. 200 (1990).
 
 
 7
 On December 10, 1990, Antonelli filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the United States District Court for the District of Arizona raising the same issues advanced in the petition for writ of certiorari. Defendant Samuel A. Lewis filed a motion for summary judgment contending that three of Antonelli's four claims were procedurally barred for failure to properly raise the issues in state court. The district court ordered Antonelli to show cause and prejudice for the default. Antonelli filed a memorandum. On November 19, 1991, Antonelli moved to expand the record to include an affidavit of a fellow inmate expressing his opinion on the Arizona State Legislature's intent in enacting the burglary statute. On December 4, 1991, the district court entered judgment denying the petition and the motion.
 
 
 8
 Antonelli filed a pro se brief herein raising five issues for review of the district court's denial of the habeas corpus petition and the motion to expand the record.
 
 II.
 
 9
 We review the ruling by the district court on a petition for writ of habeas corpus de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 10
 A. State Court's Application of the Burglary Statute
 
 
 11
 Antonelli first argues that the district court erred in holding that his claim that the trial court misapplied the burglary statute to shoplifting conduct was not cognizable under Sec. 2254. The definition of state crimes is a matter of state law and is not cognizable in a habeas corpus proceeding. Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir.1990). Because a federal court has no authority to review a state court's application of its own laws, the district court properly held that Antonelli's claim was not cognizable under Sec. 2254.
 
 
 12
 B. Procedural Default on Claim of Excessive Sentence
 
 
 13
 Antonelli asserts that the district court improperly concluded that he had procedurally defaulted on his claim of excessive sentence. A district court may only consider a claim for relief under Sec. 2254 when the claim has been exhausted in state court. Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1059 (1989). Antonelli failed to present his claim of excessive sentence to the Arizona Supreme Court. See Jennison v. Goldsmith, 940 F.2d 1308, 1310-11 (9th Cir.1991) (although supreme court review is discretionary, petitioner must afford the supreme court the opportunity to review the merits of the claim).
 
 
 14
 Absent exhaustion in state court, a district court may review a claim which has not been exhausted upon a showing of cause for the procedural default and actual prejudice resulting therefrom. Harris v. Reed, 489 U.S. 255, 262 (1989). The only assertion made by Antonelli in his memorandum was that the facts of his case should have "called to mind" an excessive sentence claim. Because the district court could properly find that Antonelli's showing was insufficient, the court correctly held that Antonelli was barred from asserting this claim in his petition.
 
 
 15
 C. Procedural Default on Claim of Ineffective Assistance of Counsel
 
 
 16
 Antonelli contends that the district court improperly concluded that he had procedurally defaulted on his claim that his counsel was ineffective in failing to request lesser-included offense instructions on shoplifting. Rule 31.19(c)(2) of the Arizona Rules of Criminal Procedure provides that only issues presented to the court of appeals may be asserted in a petition for review to the supreme court. Although Antonelli raised this claim in his petition for review to the Arizona Supreme Court, he had not raised this issue in his appeal to the Arizona Court of Appeals. Further, Antonelli offered no justification for his failure to raise this issue on appeal, and therefore, did not make the requisite showing of cause for the default and resulting prejudice. Accordingly, the district court properly found that Antonelli defaulted on this claim. Harris, 489 U.S. at 262.
 
 
 17
 D. Jurisdiction Over Further Claim of Ineffective Assistance of Counsel
 
 
 18
 Antonelli maintains that his trial counsel was ineffective because he "tainted the jurors." Antonelli failed to present this claim in his Sec. 2254 petition. This court is without jurisdiction to consider issues not presented to the district court. Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 E. Motion to Expand the Record
 
 19
 Antonelli's final assertion is that the district court improperly denied his motion to expand the record to include an affidavit from a prison inmate stating his opinion on the Arizona State Legislature's intent in enacting the Arizona burglary statute. This argument is without merit as (1) the affidavit was never presented in state court, and (2) the affidavit relates only to the question of state law not reviewable by the federal court, namely, that the burglary statute was improperly applied to shoplifting conduct.
 
 III.
 
 20
 The district court's denial of Antonelli's Sec. 2254 petition and motion to expand the record is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3