19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Allen GOUDY, Petitioner-Appellant,
v.
Edward C. WILLIAMS, Sheriff; Attorney General of the State
of California; San Luis Obispo County, District
Attorney, Respondents-Appellees.
 No. 93-55985.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Goudy appeals the district court's denial of his petition for a writ of habeas corpus, which we review de novo. Harris v. Pulley, 885 F.2d 1354, 1370 (9th Cir.1988). We affirm.
 
 
 3
 Goudy was convicted of driving under the influence of alcohol, a misdemeanor, and sentenced to 10 days in jail. On direct appeal, Goudy contended that statements he made to police while awaiting medical treatment in the hospital were involuntary. The Appellate Department of the Superior Court affirmed his conviction and declined to certify the case for review by the state intermediate appellate court. Goudy then filed the instant federal habeas corpus action, which the district court denied for lack of exhaustion.
 
 
 4
 As a matter of comity, a federal court will not consider a petition for habeas corpus unless the petitioner has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199 (1982); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985); 28 U.S.C. Sec. 2254(b), (c). The exhaustion requirement may be satisfied "by showing either that no state remedies are available or that the state supreme court has been presented with a fair opportunity to rule on the merits of the claim." Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir.1992).
 
 
 5
 Goudy satisfies neither requirement. He could file for collateral review in the state court system. Cal.Penal Code Secs. 1473, 1506; In re Catalano, 29 Cal.3d 1, 7, 171 Cal.Rptr 667, 623 P.2d 228 (1981) (direct habeas petition to Supreme Court from municipal court trial). See Jennison v. Goldsmith, 940 F.2d 1308, 1310 (9th Cir.1991) (28 U.S.C. Sec. 2254(c) requires petitioner to pursue "any available procedure."). And although further direct appeal of his claim has been procedurally barred, Cal.R.Ct. 29, 62, 63; Whittaker v. Superior Court of Shasta County, 68 Cal.2d 357, 66 Cal.Rptr. 710, 717, 438 P.2d 358 (1968), he has not presented the "highest state court" with a fair opportunity to rule on his claim. Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir.1982).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3