42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin D. TABRON, Petitioner-Appellant,
v.
Jeff HOOD, Respondent-Appellee.
 No. 94-15827.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin D. Tabron, an Arizona state prisoner, appeals pro se the district court's summary dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Following a jury trial, Tabron was convicted of two counts of child molestation, and was sentenced to consecutive terms of 17 and 28 years imprisonment. Tabron contends that the district court erred by dismissing his petition, because he demonstrated sufficient cause for his procedural default. We have jurisdiction under 28 U.S.C. Sec. 2253. We review the denial of a habeas corpus petition de novo. Paradis v. Arave, 20 F.3d 950, 953 (9th Cir.1994). We reverse and remand.
 
 A. Background
 
 3
 Prior to Tabron's trial in Arizona Superior court, the state notified Tabron that it intended to introduce videotaped interviews with the child victims. Tabron filed a pretrial motion in limine in which he argued that proposed use of videotaped testimony violated his Sixth Amendment right to confront witnesses against him. Tabron also challenged the constitutionality of the statute which allowed the use of the videotaped statement, Arizona Revised Statute Sec. 13-1416.
 
 
 4
 The trial court denied Tabron's motion to exclude the victim's statements under A.R.S. Sec. 13-1416. Tabron was convicted on October 24, 1986. Subsequently, the Arizona Supreme Court held that A.R.S. Sec. 13-1416 violated the Arizona constitution in State v. Robinson, 735 P.2d 801, 808 (en banc) (Ariz.1987) (the statute impermissibly infringes on the court's authority to make procedural rules for the judiciary).
 
 
 5
 On July 17, 1987, Tabron appealed to the Arizona Court of Appeals, claiming that the trial court erred by admitting into evidence a videotaped interview with one of the child victims, in violation of the Sixth Amendment confrontation clause. The Court of Appeals affirmed the convictions on November 10, 1987. Tabron failed to petition for review in the Arizona Supreme Court.
 
 
 6
 Pursuant to Ariz.R.Crim.P.Rule 32, Tabron filed a post-conviction relief petition in the trial court, where he again claimed that the admission of videotaped testimony violated his Sixth Amendment right to confrontation. On July 31, 1990, the trial court summarily denied his petition. Tabron then filed a petition for review by the Arizona Court of Appeals, which dismissed his petition on September 18, 1990, for lack of jurisdiction because Tabron had failed to file a motion for rehearing in the trial court. On September 12, 1991, the Arizona Supreme Court denied Tabron's petition for review of his Rule 32 petition.
 
 
 7
 Next, Tabron filed a pro se habeas petition in the United States District Court for the District of Arizona on April 6, 1992. On September 8, 1993, at Tabron's request, the district court stayed the federal habeas proceeding for six months to allow Tabron to file a delayed petition for review before the Arizona Supreme Court. On November 18, 1993, Tabron requested an extension of the stay due to difficulty in obtaining the trial court record, and he informed the court that he had begun a civil action against his attorney to obtain the record. In response, the district court vacated the stay on November 30, 1993. Despite Tabron's attempts to obtain his documentation, the district court stated that Tabron was making no effort to exhaust his remedies.
 
 
 8
 On April 13, 1994 the district court denied Tabron's petition with prejudice based on unexcused procedural default. The court determined that Tabron's claims were procedurally barred because "Tabron failed to fairly present his claim to the state's highest court in a procedurally appropriate manner so that it would have an opportunity to rule on the merits of that claim."
 
 B. Discussion
 
 9
 Tabron contends that the district court erred in finding that he had failed to demonstrate adequate cause for his procedural default.[1] This contention has merit.
 
 
 10
 A federal court may review a constitutional claim brought by a state prisoner only if available state remedies have been exhausted. 28 U.S.C. Sec. 2254(b); Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991). If the constitutional claim could have been raised in state court but was not, and is now barred by a state procedural rule, the claim is procedurally defaulted. Id.
 
 
 11
 A state prisoner who has defaulted on his claims in state court pursuant to an independent and adequate state procedural rule is barred from raising those claims in a federal habeas petition unless he can demonstrate cause for the procedural default and actual prejudice. Coleman v. Thompson 501 U.S. 722, 750 (1991); Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992).
 
 
 12
 Although the Arizona Supreme Court's decision whether to grant review is discretionary, a state prisoner must seek such review in order to exhaust state remedies before bringing a federal habeas petition. Jennison v. Goldsmith, 940 F.2d 1308, 1310-11 (9th Cir.1991). An Arizona prisoner may exhaust state court remedies either by presenting his claim to the state supreme court on direct appeal, or by bringing a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32. See Ariz.R.Crim.P. 31.19 (direct appeal); Ariz.R.Crim.P. 32.9(f) (post-conviction relief); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994).[2]
 
 
 13
 Here, Tabron contends that his failure to present his claim to the Arizona Supreme Court on direct appeal is excused by Harmon v. Ryan, 959 F.2d 1457 (9th Cir.1992). In Harmon, we held that an Arizona prisoner's procedural default was excused since his reasonable reliance on Arizona v. Shattuck, 684 P.2d 154 (Ariz.1984), and Arizona v. Sandon, 777 P.2d 220 (Ariz.1989), led him to believe that he did not have to seek direct review in the Arizona Supreme Court in order to exhaust his state remedies. See Harmon, 959 F.2d at 1463.
 
 
 14
 In Jennison v. Goldsmith, 940 F.2d at 1311, this court clarified that in the future, Arizona prisoners may not bypass the Arizona Supreme Court when pursuing state remedies. During the time period after Shattuck (1984) and before Jennison (1991) was decided, an Arizona prisoner's failure to seek direct review in the Arizona Supreme Court will not operate as a procedural bar to federal habeas review. See Harmon, 959 F.2d at 1463; Thomas v. Goldsmith, 979 F.2d 746, 750 (9th Cir.1992).
 
 
 15
 Tabron's conviction was affirmed by the Arizona Court of Appeals in 1987, after Shattuck was decided but before Jennison. Therefore, he falls within the window of time in which Harmon operates to excuse his noncompliance. See Harmon, 959 F.2d at 1463; Thomas, 979 F.2d at 750. Tabron has shown sufficient cause to excuse his procedural default in failing to seek review of his original claim in the Arizona Supreme Court. See Harmon, 959 F.2d at 1463.
 
 
 16
 The state argues that Harmon does not apply because the federal district court granted a stay of six months to allow Tabron time to file a petition for delayed review in the Arizona Supreme Court, in order to cure his default. This argument is incorrect. Under Harmon, Tabron's failure to petition for direct review in 1987 is excused, and therefore, he was not required to file a petition for delayed review in 1993, after he initiated federal habeas proceedings.
 
 
 17
 Accordingly, the district court erred by denying Tabron's claim on the ground that he had failed to show sufficient cause to excuse his procedural default. Id. We therefore reverse the district court's judgment and remand for further proceedings consistent with this disposition.
 
 
 18
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although we do not address the merits of Tabron's claim here, we recently held that admission into evidence of a videotaped interview of a child victim violated a defendant's Sixth Amendment right to confront witnesses. See Webb v. Lewis, 33 F.3d 1079, 1085 (9th Cir.1994)
 
 
 [2]
 Tabron's filing of a Rule 32 petition does not change the result. He may have been trying to cure the default, but under Harmon, the default is excused. Therefore, the Rule 32 procedure is irrelevant and should not be considered as part of his default