51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Eldridge JENNISON, Petitioner-Appellant,
v.
B.D. GOLDSMITH, Warden, et al., Respondents-Appellees.
 No. 94-16532.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Eldridge Jennison appeals pro se denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for four counts of child molestation and his fifty-six year sentence. Jennison contends that the district court erred by finding some of his claims procedurally barred and denying others on their merits. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 Jennison was convicted, following a guilty plea, in 1982. He filed a direct appeal in the Arizona Court of Appeals and unsuccessfully petitioned for review before the Arizona Supreme Court. In 1984, he filed an Ariz.R.Crim.P. 32 petition for post-conviction relief. The trial court denied the petition, and the court of appeals denied Jennison's petition for review. In 1986, Jennison filed a second Rule 32 petition, which the trial court denied. The Arizona Supreme Court denied his petition for special action.
 
 
 4
 On November 20, 1986, Jennison filed his federal habeas petition, raising the following six claims: (1) he was denied the right to be advised of the charges against him, (2) the trial court lacked jurisdiction, (3) his guilty plea was not knowing and voluntary, (4) he was denied effective assistance of trial counsel, (5) the trial judge was mentally incompetent, and (6) he was denied effective assistance of appellate and post-conviction counsel. The district court dismissed the petition for failure to exhaust state remedies because of Jennison's failure to seek review in the Arizona Supreme Court. We reversed and remanded for a determination of whether Jennison's claims were procedurally barred. Jennison v. Goldsmith, 940 F.2d 1308 (9th Cir.1991) (per curiam).
 
 
 5
 On remand, the district court found some of Jennison's claims procedurally barred because he did not raise them in the Arizona Court of Appeals either on direct appeal or in his Rule 32 petition. The district court denied Jennison's other claims on their merits.
 
 Procedural Bar
 
 6
 Jennison contends that the district court erred by finding the following claims procedurally barred: (1) the trial court lacked jurisdiction, (2) he was denied effective assistance of counsel when his attorney failed to advise him of the charges against him, and failed to contest the presentence report, and (3) he was denied effective assistance of post-conviction counsel.
 
 
 7
 A federal habeas petitioner must exhaust state remedies by fairly presenting his claims to the state supreme court. Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir.1992). "Where direct review is available in the state's highest court, failure to seek such review constitutes a procedural default even if review was afforded in the state's lower courts." Id. at 1461. Generally, the federal courts will not consider procedurally defaulted claims absent a finding of cause and prejudice. Id. When, however, "there is reason for confusion or uncertainty with respect to state procedures, a procedural default may be inadequate to bar federal habeas relief." Id. at 1462.
 
 
 8
 The Arizona Supreme Court's decision in State v. Shattuck, 684 P.2d 154 (Ariz.1984), created such confusion by erroneously instructing prisoners that state remedies were exhausted upon review by the Arizona Court of Appeals. Harmon, 959 F.2d at 1463; Jennison, 940 F.2d at 1311. Thus, prisoners who appealed to the court of appeals but failed to seek review in the state supreme court after Shattuck may obtain federal review of their claims. Harmon, 959 F.2d at 1463.
 
 
 9
 Jennison did not raise on direct appeal his claim regarding the trial court's jurisdiction, nor did he raise it in his first Rule 32 petition. In the Rule 32 petition, Jennison claimed that trial counsel was ineffective for failing to challenge the presentence report, but not for the same reason that he sets forth in his federal habeas petition. Accordingly, the Harmon exception does not apply as to these claims. Cf. id. Jennison raised the ineffective assistance of post-conviction counsel in his second Rule 32 petition, but the trial court found this claim barred, and the Arizona Supreme Court declined to accept jurisdiction over Jennison's petition for special action. The district court did not err by dismissing that claim as procedurally barred. See id. at 1461.[1]
 
 
 10
 We conclude, however, that Jennison raised the other part of the ineffective assistance of trial counsel claim in the Arizona Court of Appeals, and so his procedural default on that claim is excused. See id. at 1463. In his pro se supplemental direct appeal brief, Jennison claimed:
 
 
 11
 When Appellant asked his attorney what evidence they had against him, he was simply told "it's overwhelming", but he was never told what the evidence was. When Appellant asked his attorney how they could possibly have five counts against him, he was told, "They did it!" Appellant had no way of knowing what he was charged with on the last three counts, or what evidence there was against him on any charges, and could not possibly have understood the merits of his case.
 
 
 12
 We nonetheless affirm the denial of this claim on the basis that it lacks merit, as discussed below.
 
 Charging Errors and Guilty Plea
 
 13
 Jennison contends that he was denied the right to be advised of the charges against him. If Jennison's guilty plea was valid, then this claim regarding a pre-plea constitutional violation is foreclosed. See Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir.), cert. denied, 113 S.Ct. 225 (1992).
 
 
 14
 Jennison contends that his guilty plea was unknowing and involuntary because he was not informed of the charges to which he pleaded. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969) (to comport with due process, guilty plea must be voluntary and intelligent); see also Brady v. United States, 397 U.S. 742, 748 (1970) (defendant must be aware of nature and elements of charges). The transcript of the plea hearing refutes this contention. The trial court twice informed Jennison that he was charged with four counts of child molestation, and recited the specific allegations regarding Jennison's acts in connection with each count. Jennison testified that he committed each of the acts. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (defendant's statements made in open court at time of plea are entitled to great weight).
 
 Ineffective Assistance of Trial Counsel
 
 15
 Jennison contends that trial counsel provided ineffective assistance. This contention lacks merit.
 
 
 16
 To establish ineffective assistance of counsel, a defendant must establish the counsel's performance was deficient and the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct fell within "the wide range of reasonable professional assistance." Id. at 689. To establish prejudice, the defendant must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 687; see also Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993) (question is whether counsel deficient performance rendered proceeding fundamentally unfair). For claims in connection with guilty pleas, the defendant must show that but for counsel's errors, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985).
 
 
 17
 Jennison contends that counsel was ineffective because he failed to advise Jennison of the charges against him. As discussed above, the trial court informed Jennison of the charges at his plea hearing. Thus, Jennison cannot establish prejudice. See Fretwell, 113 S.Ct. at 844; Hill, 474 U.S. at 48.
 
 
 18
 Jennison contends that counsel was ineffective because he failed to file a motion to suppress evidence and failed to investigate possible defenses. In his habeas petition, however, Jennison did not specify how any search was improper, nor did he explain what other defenses counsel should have discovered.
 
 Trial Judge's Mental Competence
 
 19
 Jennison contends that the trial judge violated his constitutional rights because the judge had been confined to a mental institution. As the district court found, however, the record does not reveal any constitutional violations by the trial judge.
 
 
 20
 Ineffective Assistance of Appellate Counsel
 
 
 21
 Jennison contends that his direct appeal attorney was ineffective for filing a brief pursuant to Anders v. California, 386 U.S. 738 (1967). This contention lacks merit because Jennison has not identified any meritorious issues that counsel should have raised. See Strickland, 466 U.S. at 687, 689.
 
 Appointment of Counsel
 
 22
 Finally, Jennison contends that the district court erred by denying his motion for appointment of counsel. This contention lacks merit. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983) (counsel appointed if interests of justice so require).
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jennison contends that the district court failed to follow its order of June 28, 1993, which he reads as a decision to reach the merits of all of his claims. We disagree with this interpretation of the order