**Shelton R. THOMAS, Petitioner–Appellant,**

v.

**Bob GOLDSMITH, Respondent–Appellee.**

No. 91–16012.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 1992 *.

Decided Nov. 10, 1992.

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Shelton R. Thomas, pro per.

Diane M. Ramsey, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellees.

Before: REINHARDT, NOONAN, and THOMPSON, Circuit Judges.

REINHARDT, Circuit Judge:

Shelton R. Thomas, an Arizona state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. We affirm in part, reverse in part and remand.

## I. FACTS

Thomas was convicted in 1981 in Arizona state court of four counts of sexual assault and one count of burglary. Before trial, his counsel requested a hearing on the voluntariness of certain of Thomas' statements to the police. His attorney later abandoned the argument that the statements were not voluntary, and instead, asked that the hearing be held for the sole purpose of establishing what Thomas had said to the police. This request was granted. Thomas was not present when the first two officers were questioned, but at the suggestion of his counsel, was brought to the courtroom for the third officer's testimony.

At trial, Thomas contended for the first time that he had been at a movie theater when the crimes took place. The state had not previously known that he would offer this alibi. The morning after Thomas testified, the state disclosed that it would call the theater manager in rebuttal. The trial judge allowed the rebuttal testimony but required that defense counsel be allowed to interview the witness before he testified.

Thomas was convicted. He appealed his convictions and sentence to the Arizona Court of Appeals, which affirmed the convictions and remanded for resentencing. After resentencing, Thomas again appealed the sentence. This time the court of appeals affirmed. Thomas did not petition the Arizona Supreme Court for review. He subsequently filed two petitions for post-conviction review, which the Arizona courts denied.

Thomas then filed a federal petition for habeas corpus, alleging seven grounds for

relief. The district court found that five of them were barred by state procedural defaults. The court decided the remaining two against Thomas on the merits. Thomas appealed.

## II. GROUNDS DECIDED BELOW ON THE MERITS

■ A. *Surprise witness.* Thomas contends that the prosecution gave him inadequate notice that it intended to call a witness to rebut his alibi defense, and that the trial court's decision to admit the rebuttal testimony violated due process. *LaMere v. Risley*, 827 F.2d 622 (9th Cir.1987), is dispositive. In *LaMere*, the defendant called alibi witnesses who surprised the prosecution by testifying as to the defendant's location not only on the day of the crime— as the prosecution had expected—but on the preceding day as well. *See id.* at 625. Immediately after the surprise testimony, the prosecution notified defense counsel that it intended to offer rebuttal testimony as to the defendant's whereabouts on the day before the crime. The trial court permitted the rebuttal testimony over the defendant's objections, but gave defense counsel an opportunity to interview the government's witnesses and prepare for cross-examination before they testified.

Because the prosecution notified the defense of its intent to call rebuttal witnesses as soon as it knew their testimony was relevant, and because defense counsel was given a fair opportunity under the circumstances to prepare for the testimony, we concluded in *LaMere* that the late notice given by the prosecution did not violate due process. Similar operative facts exist here. Thomas presented a surprise alibi defense at trial, which prompted the prosecution to call a previously undisclosed rebuttal witness. Prior to Thomas' testimony, the prosecution neither expected nor had reason to expect that the rebuttal witness' testimony would be relevant. The trial judge required that defense counsel be permitted to interview the previously undisclosed witness before he testified. We conclude that, as in *LaMere*, the trial judge's

decision to permit the rebuttal testimony did not violate due process.

■ B. *Voluntariness hearing.* Thomas argues that the state court violated his constitutional rights by holding part of the "voluntariness" hearing in his absence. Both the state courts and the federal district court found that the hearing's purpose was not to challenge the voluntariness of Thomas' statements, but solely to place on the record the statements the police would attribute to Thomas so the defense would not be surprised by their testimony at trial.

Under the due process clause, a defendant has the right to be present at any criminal proceeding in which his presence would contribute to the proceeding's fairness or reliability. *Kentucky v. Stincer,* 482 U.S. 730, 745, 747, 107 S.Ct. 2658, 2667, 2668, 96 L.Ed.2d 631 (1987). A defendant has no right to be present when his presence "would be useless, or the benefit but a shadow." *Snyder v. Massachusetts,* 291 U.S. 97, 106–07, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934). Whether a defendant's absence violates his right to be present should be considered in light of the entire record. *United States v. Gagnon,* 470 U.S. 522, 526–27, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985).

In *Stincer,* the Court acknowledged that a hearing in which a witness is asked to discuss upcoming substantive testimony may implicate due process. *See Stincer,* 482 U.S. at 746, 107 S.Ct. at 2667. Here, the police were asked to testify as to all of Thomas' statements before trial and to state for the record that there were no others. However, we need not decide whether the police officers' testimony was the type to which *Stincer* alluded. Even if Thomas' absence was error, that error was harmless. Thomas has not alleged that his absence from the hearing actually prejudiced him, and we find no prejudice in the record.

## III. GROUNDS FOUND PROCEDURALLY BARRED BELOW

The district court found that Thomas had forfeited his remaining claims by commit-

ting state procedural defaults. It also found that the defaults barred the federal courts from entertaining the claims.

 A claim is procedurally defaulted for federal habeas purposes if the last state court rendering a judgment in the case relies on procedural default to deny relief; that opinion must "clearly and expressly state[ ] that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). If the intermediate appellate court judgment rests on procedural default and the state supreme court denies review without explanation, the federal courts will consider the claim procedurally defaulted. *Ylst v. Nunnemaker,* ─ U.S. ──, ──, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991).

 A procedural default under state law ordinarily serves as an adequate and independent state ground for the state's rejection of the claim and bars federal habeas review. If, however, the procedural default is either dependent on federal law or inadequate to warrant withdrawal of federal relief, the federal court will proceed to the merits. *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1042, 103 L.Ed.2d 308 (1989); *Harmon v. Ryan,* 959 F.2d 1457, 1461 (9th Cir.1992). Likewise, the court will entertain the merits if it finds cause for the default and actual prejudice from the alleged violation of federal law. *Coleman v. Thompson,* ─ U.S. ──, ──, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Finally, the court will reach the merits if the petitioner demonstrates "that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).

 *Semen evidence.* Thomas asserts two grounds for relief which involve semen evidence allegedly possessed by the state. Thomas claims both that the state sup-

pressed a semen sample which would have exonerated him of the sexual assault charge and that his counsel was ineffective in failing to move that the state produce the semen sample or tests thereof. Both claims were procedurally defaulted in state court. Thomas never raised the ineffectiveness claim in that forum. The last court to consider Thomas' suppression of evidence claim was an Arizona appellate court which expressly held the claim to be procedurally barred. In neither case has Thomas demonstrated cause under *Wainwright* for his procedural default. Consequently, Thomas' claims involving semen evidence are only cognizable in federal court if Thomas can meet the miscarriage-of-justice exception to *Wainwright*'s cause and prejudice requirements.

In order for Thomas to overcome the procedural bar by means of the miscarriage of justice exception, he must supplement his claim with a "colorable showing of factual innocence." *McCleskey v. Zant,* ─ U.S. ──, ──, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991); *Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986) (plurality opinion).[1] A semen sample, or tests thereof, might enable him to make such a showing. However, if Thomas must make a colorable showing of innocence before the district court may order a full evidentiary hearing on his defaulted claims, Thomas is in something of a Catch-22. The sample, if it exists, is under the control of the state, and Thomas would appear to have no way to have it tested unless the federal courts intervene. But in order to make the showing which would justify federal court intervention, Thomas needs the semen sample.

We do not believe that Thomas' claim is defeated by this conundrum. Rather, we believe the state is under an obligation to come forward with any exculpatory semen evidence in its possession. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). We do not refer to the state's past duty to turn over exculpatory evidence at trial, but to its

---

1. Both *McCleskey* and *Kuhlmann* involved successive petitions rather than state procedural defaults. The same analysis applies in either case, however. *McCleskey,* ── U.S. at ──, 111 S.Ct. at 1470.

present duty to turn over exculpatory evidence relevant to the instant habeas corpus proceeding. Thomas has alleged that the state possesses evidence which would demonstrate his innocence and revive an otherwise defaulted ground for issuing a writ. Under the circumstances, fairness requires that on remand the state come forward with any exculpatory evidence it possesses. If no such evidence exists, the state need only advise the district court of that fact.[2]

Obviously, if no semen evidence exists, Thomas will not be able to overcome the procedural default. Thomas' bare allegations, unsupplemented by evidence, do not tend to establish his actual innocence sufficiently for the court to ignore that default.

■ *Excessive sentence; Vindictive sentencing on remand.* The district court found these claims procedurally barred because Thomas failed to petition the Arizona Supreme Court for review on direct appeal. Our intervening decision in *Harmon v. Ryan,* 959 F.2d 1457 (9th Cir.1992), requires reversal of this portion of the district court's decision.

*Harmon* held that defendants who were convicted before our decision in *Jennison v. Goldsmith,* 940 F.2d 1308 (9th Cir.1991) would reasonably have been led to believe that, under *State v. Shattuck,* 140 Ariz. 582, 684 P.2d 154 (1984) (en banc), they were not required to petition for review in the Arizona Supreme Court in order to exhaust state remedies. Thomas was convicted after *Shattuck* but before *Jennison.* Hence, at the time Thomas failed to seek review, *Shattuck* obviated the need to do so. Therefore, Thomas' failure to petition for review does not bar our consideration of the sentencing questions. On remand, the district court may proceed to the merits of these claims.

**CONCLUSION**

The district court's judgment denying the petition is AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.

---

2. The state's duty to turn over any semen evidence in its possession is not extinguished by Thomas' failure to argue the existence of such an obligation in the district court. In light of the obvious exculpatory potential of semen evidence in a sexual assault case, neither a specific request nor a claim of right by the petitioner is required to trigger the state's duty of disclosure. *See United States v. Agurs,* 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976).