992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael ORTIZ, Defendant-Appellant.
 No. 92-16181.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 5, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Ortiz, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Ortiz was convicted for conspiracy to possess marijuana with intent to distribute and conspiracy to import marijuana, in violation of 21 U.S.C. §§ 846 and 963. Ortiz contends that the district court erred by allowing the verdict to be returned when he was not present in the courtroom. We have jurisdiction pursuant to 28 U.S.C. § 2255, and review de novo. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990). We affirm.
 
 
 3
 A federal criminal defendant has a statutory right to be present "at every stage of the trial including the impaneling of the jury and the return of the verdict." Fed.R.Crim.P. 43(a). This right may be waived if the defendant is voluntarily absent from the proceedings. Fed.R.Crim.P. 43(b)(2); Taylor v. United States, 414 U.S. 17, 20 (1973). An absence is voluntary if the defendant knows that the proceedings are taking place and does not attend. See Crosby v. United States, 113 S.Ct. 748, 752 (1993) (defendant's flight from trial deemed valid waiver of right to be present, because initial presence provides assurance that subsequent failure to appear is voluntary and knowing); United States v. Gagnon, 470 U.S. 522, 529 (1985) (failure of criminal defendant to invoke right to be present at conference between judge and juror that defendant knows is taking place constitutes valid waiver). A defendant may also waive his right to be present by disregarding the court's instructions. See United States v. Friedman, 593 F.2d 109, 121 (9th Cir.1979) (criminal defendant's failure to remain within fifteen minutes of courthouse as instructed by judge is valid waiver of right to be present at verdict).
 
 
 4
 Violations of Fed.R.Crim.P. 43 are subject to harmless error analysis. Rogers v. United States, 422 U.S. 35, 40 (1975); Valenzuela-Gonzalez v. United States District Court for Arizona, 915 F.2d 1276, 1280 (9th Cir.1990). Reversal is not required unless the defendant can show a reasonable possibility of prejudice. United States v. Birges, 723 F.2d 666, 670 (9th Cir.1984), cert. denied, 466 U.S. 943, and cert. denied, 469 U.S. 863. But see Valenzuela-Gonzalez, 915 F.2d at 1281 (strict compliance with the Federal Rules of Criminal Procedure is required).
 
 
 5
 Under the due process clause, a criminal defendant has the constitutional right to be present "at any criminal proceeding in which his presence would contribute to the proceeding's fairness or reliability." Thomas v. Goldsmith, 979 F.2d 746, 748 (9th Cir.1992). However, due process does not require the defendant's presence when such presence " 'would be useless or the benefit but a shadow.' " Polizzi v. United States, 550 F.2d 1133, 1138 (9th Cir.1976) (quoting Snyder v. Massachusetts, 291 U.S. 97, 106-07 (1934).
 
 
 6
 Here, Ortiz was told by his attorney to go home and wait for a telephone call indicating that the jury had returned with its verdict. Ortiz was never telephoned, and claims that he only learned of his conviction by reading about it in the newspaper.
 
 
 7
 Ortiz was not present when the jury returned the verdict, and there has been no showing that he voluntarily waived his right to be present. Ortiz followed the instructions of his attorney, and was prepared to return to the courthouse for the reading of the verdict. Accordingly, we find that the district court violated Rule 43(a) by allowing the verdict to be returned in Ortiz's absence. Fed.R.Crim.P. 43(a); Friedman, 593 F.2d at 121.
 
 
 8
 However, we find that this error was harmless. Ortiz has made no showing of prejudice resulting from his absence. His speculation that individual jurors may have changed their minds had they been required to affirm the verdict in his presence is not sufficient to establish prejudice. Cf. United States v. Mackey, 915 F.2d 69, 75 (2nd Cir.1990) (no prejudice shown by defendant who was absent at return of verdict, because "[i]t cannot be plausibly contended that his presence would have altered the outcome of the verdict"). Further, Ortiz's counsel was present to protect Ortiz's rights when the verdict was returned. See Friedman, 593 F.2d at 121 (defendant's absence deemed harmless error in part because counsel was present when verdict was returned).
 
 
 9
 We need not decide whether Ortiz's absence at the return of the verdict violates the due process clause. Even if Ortiz's absence was error, that error was harmless. See Thomas, 979 F.2d at 748.
 
 
 10
 Under these circumstances, we find that the district court did not err in denying Ortiz's 28 U.S.C. § 2255 motion to vacate his sentence.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3