995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul H. PICCOT, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden Respondent-Appellee.
 No. 93-15067.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 7, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Piccot, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. Piccot contends that he was denied due process when the sentencing judge engaged in an ex parte communication with a probation officer on the morning Piccot was sentenced. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Vermouth v. Carrothers, 827 F.2d 599, 601 (9th Cir.1987), and affirm.
 
 
 3
 A defendant has a due process right to be present "at any criminal proceeding in which his presence would contribute to the proceeding's fairness or reliability." Thomas v. Goldsmith, 979 F.2d 746, 748 (9th Cir.1992) (quoting Kentucky v. Stincer, 482 U.S. 730, 745-47 (1987)).
 
 
 4
 Here, Piccot plead guilty to forty-two felony counts prior to the meeting between the judge and the probation officer. As part of his guilty plea, Piccot agreed to a specific sentencing range. The judge sentenced Piccot within this range. Piccot has not shown how his presence at the meeting between the judge and the probation officer would have contributed to the proceeding's fairness or reliability. See id. Accordingly, the district did not err in denying Piccot's habeas petition.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3