24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gabriel R. TORUNO, Petitioner-Appellant,
v.
PEOPLE OF the STATE OF CALIFORNIA, Respondent-Appellee.
 No. 93-17020.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriel R. Toruno appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. The district court found that Toruno had procedurally defaulted his claims and failed to demonstrate cause for his default and prejudice from the alleged errors. Toruno contends that the district court erroneously found that he had procedurally defaulted his federal claims. Alternatively, Toruno argues that he has demonstrated cause and prejudice. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We affirm.
 
 
 3
 We review de novo the district court's decision on a petition for a writ of habeas corpus. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991).
 
 
 4
 A claim is procedurally defaulted for federal habeas purposes if the last state court rendering a judgment in the case relies on state procedural grounds to deny relief; however, that decision must "clearly and expressly state[ ] that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989); accord Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992). If a lower state court judgment rests on a procedural default and the state supreme court denies review without explanation, the federal courts will consider the claim procedurally defaulted. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991); Thomas, 979 F.2d at 749.
 
 
 5
 Federal habeas review of claims defaulted on in state court pursuant to a state procedural bar is precluded unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. Coleman, 111 S.Ct. at 2565; Harris, 489 U.S. at 262; Thomas, 979 F.2d at 749. A claim of ineffective assistance of counsel must first be separately exhausted in state court before it can serve as cause for the procedural default of another claim. Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988).
 
 
 6
 Here, Toruno was convicted of four counts of rape while acting in concert, four counts of oral copulation while acting in concert, one count of sodomy, and one count of false imprisonment. On 18 April 1986, Toruno was sentenced to twenty-eight years in prison. Toruno appealed his conviction and sentence alleging that the trial court erred by: (1) denying Toruno's motion for a new trial based on juror misconduct; (2) excluding evidence; and (3) refusing to give Toruno's special jury instruction. In an unpublished opinion, the California Court of Appeal upheld Toruno's conviction and sentence on 18 January 1989. Toruno did not seek review in the California Supreme Court. At the same time, Toruno filed a petition for a writ of habeas corpus alleging ineffective assistance of trial counsel on the basis that counsel failed to investigate Toruno's alibi and to object to the admission of identification evidence. The California Court of Appeal summarily denied the petition on 18 January 1989. As with his direct appeal, Toruno did not seek review in the California Supreme Court.
 
 
 7
 In January 1991, Toruno filed a second petition for a writ of habeas corpus in San Francisco County Superior Court raising six claims. The Superior Court denied the writ on 28 February 1991, finding that Toruno's claims were procedurally barred by state rules.[1] Then, Toruno raised the same six claims in petitions to the California Court of Appeal and the California Supreme Court. Both courts denied Toruno's petitions without comment.
 
 
 8
 On 23 December 1992, Toruno filed the instant petition for a writ of habeas corpus. Toruno raises two claims: (1) juror misconduct; and (2) ineffective assistance of trial counsel on the basis that counsel failed to object to the admission of identification evidence. Toruno raised both of these claims in his second petition for a writ of habeas corpus in San Francisco County Superior Court. The petition was denied on state procedural grounds. Because the state trial court denied Toruno's second petition on state procedural grounds, we conclude that the claims presented in his federal habeas petition are procedurally defaulted. See Coleman, 111 S.Ct. at 2565; Harris, 489 U.S. at 263; Thomas, 979 F.2d at 749. Furthermore, because the state trial court denied Toruno's petition on state procedural grounds, and because the California Court of Appeal and the California Supreme Court denied Toruno's petitions without comment, we conclude federal habeas review of Toruno's claims is precluded by this procedural default. See Ylst, 111 S.Ct. 2590; Thomas, 979 F.2d at 749.
 
 
 9
 Toruno's reliance on Hunter v. Aispuro, 982 F.2d 344 (9th Cir.1992), is misplaced. In Hunter, we specifically noted that the Ylst presumption was inapplicable because there was no reasoned decision from a lower court. Id. at 347. Therefore, we concluded that because there was no prior reasoned opinion raising a state procedural bar, the California Supreme Court's silent denial was on the merits. Id. at 347-48. In Toruno's cases, a state trial court found that Toruno's claims were barred by state procedures. Thus, the Ylst presumption applies and Toruno's claims are procedurally barred.
 
 
 10
 Toruno argues that his counsel's ineffectiveness is cause for his procedural defaults. Because Toruno has procedurally defaulted this claim in state court, it may not serve as cause for his other procedural defaults. See Murray, 477 U.S. at 488-89; Tacho, 862 F.2d at 1381.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, the court found:
 Petitioner presents six claims, three of which (jury misconduct, failure to object to suggestive identification technique, and ineffective assistance of counsel) he unsuccessfully raised on direct appeal and an ancillary habeas corpus petition. Petitioner has failed to show why he did not raised the other claims on appeal, when he was represented by counsel and the issues were apparent. Petitioner has also failed to state why he has delayed two years in seeking relief by writ of habeas corpus. For these reasons, Petitioner's writ of habeas corpus is DENIED.
 
 
 [2]
 Because Toruno has failed to demonstrate cause for his procedural default, we need not determine whether he was prejudiced by the alleged constitutional violations. See Thomas, 945 F.2d at 1123 n. 10