28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christopher P. FOSSES, Petitioner-Appellant,
v.
Ed L. GATES, Superintendent, Snake River Correctional
Institution, Respondent-Appellee.
 No. 93-35883.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 20, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Paul Fosses, an Oregon state prisoner, appeals the dismissal of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. This court has jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and we affirm.
 
 
 3
 Fosses was convicted of three misdemeanor charges: two counts of assault and one count of criminal mischief. The state court judge sentenced Fosses to one year imprisonment for each conviction, sentences to run consecutively.[1] Fosses filed a direct appeal to the Oregon Court of Appeals challenging the imposition of consecutive sentences and the sufficiency of evidence. On November 14, 1990, the Oregon Court of Appeals affirmed the state trial court without opinion. There is no evidence that Fosses requested review by the Oregon Supreme Court.
 
 
 4
 Thereafter, Fosses filed a petition for post-conviction relief in the state court challenging (1) the effectiveness of trial and appellate counsel, (2) the sufficiency of the evidence, and (3) the imposition of consecutive sentences. The state trial court dismissed Fosses petition because it was barred by the statute of limitations. On August 17, 1992, Fosses filed a petition for writ of habeas corpus in the United States District Court for the District of Oregon. The district court dismissed Christopher's habeas petition finding that he had procedurally defaulted on his state court remedies by failing to appeal to the Oregon Supreme Court.
 
 
 5
 Fosses contends that the state waived the procedural default argument by filing an ambiguous answer to his petition for habeas corpus. This contention lacks merit.
 
 
 6
 An Oregon state prisoner must request review by the Oregon Supreme Court to exhaust his state remedies. Batchelor v. Cupp, 693 F.2d 859, 863 (9th Cir.1982). The failure to exhaust state remedies constitutes a procedural default if it is clear that "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred." Coleman v. Thompson, 111 S.Ct. 2546, 2557 n. 1 (1991). Although a habeas petitioner has procedurally defaulted on his federal claims in state court, this court may nonetheless reach the merits of the claim if the state waives the procedural default by failing to raise it in federal court. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 n. 1 (9th Cir.1986).
 
 
 7
 A procedural default of federal claims in state court bars federal habeas review of those claims unless the petitioner can (1) demonstrate cause for the procedural default and actual prejudice as a result of the alleged constitutional violation, or (2) establish that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 111 S.Ct. at 2565. "Cause refers to a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir.1991). The "miscarriage of justice" exception is a narrow exception which is concerned with actual as compared to legal innocence. Sawyer v. Whitely, 111 S.Ct. 2514, 2518-2519 (1992). Accordingly, the habeas petitioner must supplement his claim with a "colorable showing of factual innocence" to overcome a procedural default by means of the miscarriage of justice exception. Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992).
 
 
 8
 Here, the state's answer to Fosses' habeas petition contained contradictory allegations concerning the procedural default. One sentence states that the Oregon Supreme Court denied review, while another states that Fosses did not request review by the Oregon Supreme Court. The state however, ultimately argues that Fosses has no remaining state remedies and that he has procedurally defaulted on his federal claims.
 
 
 9
 It is clear from the record that Fosses failed to pursue his remedies in the Oregon Supreme Court, a prerequisite to obtaining relief in federal court. See Batchelor, 693 F.2d at 863. Furthermore, Fosses presented no evidence to this court or the district court that he did request review by the Oregon supreme Court. Because the Oregon Supreme Court would find Fosses' claims procedurally barred, he has procedurally defaulted on his sufficiency of evidence claim. See Coleman, 111 S.Ct. at 2565 n. 1.
 
 
 10
 Fosses contends that his procedural default should be excused because he is actually innocent. Other than pointing to the uncertainty of the eyewitness, Fosses has produced no evidence to support his claim of actual innocence. Because he has not supplemented his claim with a colorable showing of factual innocence, the "fundamental miscarriage of justice" exception is inapplicable. See Goldsmith, 979 F.2d at 749. Accordingly, the district court's judgment is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On January 27, 1989, Fosses was sentenced to 15 years imprisonment for his robbery and attempted assault convictions. Fosses dose not challenge these convictions. The sentences for his misdemeanor convictions will also run consecutively to the 15 year sentence