42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Florentino Reyes SANTANA, Petitioner-Appellant,
v.
Paul J. SCHRINER, Deputy Warden; Attorney General,
Respondents-Appellees.
 No. 93-15360.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Filed May 18, 1994.
Memoranda Withdrawn Aug. 25, 1994.
Aug. 25, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 ORDER
 The memorandum disposition filed on 18 May 1994, in this matter is withdrawn. The attached memorandum disposition is hereby issued in its place.
 The petition for rehearing is denied.
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Florentino Reyes Santana appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. The district court found that Santana had procedurally defaulted his claims and had failed to demonstrate cause for his default. Santana contends that the district court erroneously found that he had procedurally defaulted his federal claims. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We affirm in part and reverse and remand in part.
 
 Background
 
 3
 Santana was convicted of first-degree murder and sentenced to life imprisonment without the possibility of parole for twenty-five years. Santana appealed his conviction and sentence. Santana's court-appointed counsel raised the following issues before the Arizona Supreme Court: (1) trial counsel provided ineffective assistance by failing to raise the defenses of self-defense and diminished capacity due to intoxication; (2) the trial court improperly excluded evidence of the victim's violent past; and (3) trial counsel provided ineffective assistance by failing to get into evidence the victim's prior history of violence. The Arizona Supreme Court affirmed Santana's conviction and sentence. See State v. Santana, 735 P.2d 757 (Ariz.1987).
 
 
 4
 In August 1985, Santana filed a pro se state petition for post-conviction relief alleging various instances of ineffective assistance of trial counsel. The state trial court appointed counsel for Santana. Santana's counsel filed a supplemental petition raising three issues: (1) the trial court committed fundamental error by failing to correctly instruct the jurors on second-degree murder; (2) trial counsel provided ineffective assistance of counsel by failing to object to the trial court's alleged erroneous jury instruction; and (3) appellate counsel was ineffective by failing to raise the jury instruction issue on direct appeal. The trial court denied Santana's petition finding that "as a matter of fact all issues raised by the defendant on Rule 32 could have been or [have] been raised on appeal." Santana's counsel filed a motion for rehearing raising the three claims contained in the supplemental petition and seeking an evidentiary hearing on the ineffective assistance of appellate counsel claim. The trial court denied the motion, and the Arizona Supreme Court denied Santana's petition for review.
 
 
 5
 On 19 September 1991, Santana filed the instant pro se habeas petition raising three issues: (1) the trial court committed fundamental error in instructing the jurors on first- and second-degree murder; (2) trial counsel was ineffective by failing to object to the trial court's alleged erroneous jury instructions; and (3) appellate counsel was ineffective by failing to raise the jury instruction issue on appeal. The district court found that Santana had procedurally defaulted his claims by failing to raise them on direct appeal or in the post-conviction relief petition. The district court further found that Santana had failed to demonstrate cause for his procedural default.
 
 Analysis
 
 6
 We review de novo the district court's decision on a writ of habeas corpus. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We review for clear error any factual findings made by the district court in deciding the petition. Hayes v. Kincheloe, 784 F.2d 1434, 1436 (9th Cir.1986); cert. denied, 484 U.S. 871 (1987).
 
 
 7
 A claim is procedurally defaulted for federal habeas purposes if the last state court rendering a judgment in the case relies on state procedural grounds to deny relief; however, that decision must "clearly and expressly state [ ] that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989); accord Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992). If the intermediate appellate state court judgment rests on a procedural default and the state supreme court denies review without explanation, the federal courts will consider the claim procedurally defaulted. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991); Thomas, 979 F.2d at 749.
 
 
 8
 When a petitioner at one time could have raised his federal claim in state court but did not and is now barred from doing so by a state procedural rule, he has procedurally defaulted this claim. Murray v. Carrier, 477 U.S. 478, 485 (1986); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). However, the exhaustion requirement is satisfied once the claim is fairly presented to the state courts. If the state court chooses to ignore the claim, the claim nonetheless has been exhausted. Smith v. Digman, 434 U.S. 332, 333 (1978) (per curiam); Beam v. Paskett, 3 F.3d 1301, 1305-06 (9th Cir.), cert. denied, 114 S.Ct. 1631 (1994).
 
 
 9
 Federal habeas review of claims defaulted on in state court pursuant to a state procedural bar is precluded unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. Coleman, 111 S.Ct. at 2565; Harris, 489 U.S. at 262; Thomas, 979 F.2d at 749. A claim of ineffective assistance of counsel must first be separately exhausted in state court before it can serve as cause for the procedural default of another claim. Murray, 477 U.S. at 488-89; Tacho, 862 F.2d at 1381.
 
 A. Appellate Counsel Claim
 
 10
 Santana contends that the district court erroneously found that he had procedurally defaulted his claim that his appellate counsel was constitutionally ineffective. We agree.
 
 
 11
 The district court found that Santana had procedurally defaulted this claim because he had failed to raise this claim in his post-conviction relief petition. The record, however, does not support this finding; therefore, the district court's finding is clearly erroneous. See Hayes, 784 F.2d at 1434.
 
 
 12
 Santana's court-appointed counsel included this claim in the supplemental petition and in the motion for a rehearing. In his motion for a rehearing, Santana sought an evidentiary hearing on this claim. Furthermore, the prosecution addressed this claim in oppositions to the petition and the motion for rehearing. Thus, because Santana included this claim in his post-conviction petition, and because Santana filed a petition for review in the Arizona Supreme Court, we conclude that Santana has raised this claim in the Arizona state courts.
 
 
 13
 Logically, Santana could not have raised his ineffective assistance of appellate counsel claim on direct appeal. This claim was appropriately included in his Rule 32 petition. See e.g., State v. Atwood, 832 P.2d 593, 616 (Ariz.1992) (en banc) (generally, ineffective assistance of counsel claims should be raised in a petition for post-conviction relief), cert. denied, 113 S.Ct. 1058 (1993). Thus, the state court's finding that "as a matter of fact all issues raised by [Santana] could have been or [have] been raised on direct appeal" cannot apply to this claim. Therefore, despite the Arizona courts' silence on this claim, we conclude that Santana has properly exhausted this claim. See Digman, 434 U.S. at 333; Beam, 3 F.3d at 1305-06.
 
 
 14
 Accordingly, we reverse the district court's finding that Santana has procedurally defaulted this claim and remand to the district court to determine the merits, if any, of this claim.
 
 B. Trial Counsel Claim
 
 15
 Santana contends that the district court erroneously found that he had procedurally defaulted his claim that Santana's trial counsel was constitutionally ineffective for failing to object to the jury instructions. This contention lacks merit.
 
 
 16
 On direct appeal, Santana alleged that his trial counsel was ineffective by failing to: (1) raise the defense of self-defense and diminished capacity due to intoxication; and (2) get into evidence the victim's prior history of violence. The Arizona Supreme Court, noting that it did not have the benefit of a post-conviction proceeding, rejected both of Santana's claims on the merits. Santana, 735 P.2d at 760.
 
 
 17
 In his petition for post-conviction relief, Santana alleged that his trial counsel was ineffective by failing to object to the trial court's alleged erroneous jury instruction. Citing to Ariz.R.Crim.P. 32, the trial court denied relief finding that Santana should have raised this claim on direct appeal. Thus, the trial court decision was "clearly and expressly" based on a state procedural bar. See Coleman, 111 S.Ct. at 2565; Harris, 489 U.S. at 263; Thomas, 979 F.2d at 749; Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir.1992) (en banc) (recognizing that because Arizona criminal defendant raised an ineffective assistance of counsel claim on direct appeal, state procedural rules preclude him from raising other ineffective assistance of counsel claims in a petition for post-conviction relief), cert. denied, 113 S.Ct. 1600 (1993). Because the trial court judgment was based on a state procedural bar and the state supreme court's denial of Santana's petition for review was without explanation, we consider this claim procedurally defaulted. See Ylst, 111 S.Ct. at 2594; Thomas, 979 F.2d at 749.
 
 
 18
 Santana has failed to argue cause for this procedural default. Even if we construed his brief to claim that these procedural defaults are attributable to the mistakes of his counsel, we would conclude that he has not demonstrated cause for his default. As stated above, Santana has procedurally defaulted his claim that his trial counsel was ineffective for failing to object to the allegedly erroneous jury instructions. Therefore, a claim of ineffective assistance of counsel cannot serve as cause for this procedural default. See Murray, 477 U.S. at 488-89; Tacho, 862 F.2d at 1381. Moreover, because Santana has failed to demonstrate cause for his procedural default, we need not determine whether he was prejudiced. See Thomas, 945 F.2d at 1123 n. 10.
 
 
 19
 Accordingly, Santana has procedurally defaulted his claim that this trial counsel was ineffective for failing to object to alleged erroneous jury instructions.
 
 C. Jury Instruction Claim
 
 20
 Santana contends that the district court erroneously found that he had procedurally defaulted his claims that the state trial court committed fundamental error in instructing the jurors on first- and second-degree murder. This contention lacks merit.
 
 
 21
 Santana raised his jury instruction claim in his supplemental petition for post-conviction relief. Citing to Ariz.R.Crim.P. 32, the trial court denied relief finding that Santana should have raised this claim on direct appeal. Thus, the trial court decision was "clearly and expressly" based on a state procedural bar. See Coleman, 111 S.Ct. at 2565; Harris, 489 U.S. at 263; Thomas, 979 F.2d at 749. Because the trial court judgment was based on a state procedural bar and the state supreme court's denial of Santana's petition for review was without explanation, we consider this claim procedurally defaulted. See Ylst, 111 S.Ct. at 2594; Thomas, 979 F.2d at 749.
 
 
 22
 Santana has failed to argue cause for this procedural default. Moreover, because Santana has failed to demonstrate cause for his procedural default, we need not determine whether he was prejudiced. See Thomas, 945 F.2d at 1123 n. 10.
 
 
 23
 Accordingly, Santana has procedurally defaulted his claim that the state trial court committed fundamental error in instructing the jurors on first- and second-degree murder.
 
 
 24
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's motions to supplement the record, filed on 24 September 1994, and his second motion to extend the time to file a reply brief, filed on 21 March 1994, are denied