45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard JIMENEZ, Petitioner-Appellant,
v.
Samuel A. LEWIS, et al., Respondent-Appellees.
 No. 93-16855.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1994.*
Decided Dec. 27, 1994.
 
 Before: SCHROEDER, REINHARDT, and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Jimenez, an Arizona state prisoner, appeals pro se the district court's denial of his fourth habeas petition. We have jurisdiction of the timely appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Jimenez was convicted in Arizona state court of two counts of armed robbery, one count of unlawful flight, two counts of aggravated assault, and one count of first-degree felony murder. He was sentenced to life in prison without possibility of parole for 25 years for the murder count and to lesser concurrent terms for the other counts. The Arizona Supreme Court affirmed his conviction. State v. Jimenez, 634 P.2d 950, 953 (Ariz.1981) (en banc).
 
 
 4
 In 1984, Jimenez filed an unsuccessful state petition for post-conviction relief that alleged ineffective assistance of trial counsel. In 1987, he filed a second unsuccessful state petition for post-conviction relief.
 
 
 5
 On December 9, 1987, Jimenez filed his first petition for writ of habeas corpus in federal district court. Jimenez presented four claims: (1) that he had been unlawfully charged with first degree murder under Arizona's felony murder rule; (2) that the state was collaterally estopped from prosecuting him for felony murder because his co-defendant had been acquitted of that offense; (3) that the state presented insufficient evidence of "immediate flight" to justify a felony murder conviction under A.R.S. Sec. 13-1105;[1] and (4) that the judge gave an improper jury instruction regarding immediate flight. The district court dismissed the petition without prejudice because Jimenez had failed to exhaust his claims in state court.
 
 
 6
 On June 24, 1988, Jimenez filed his second habeas petition in federal district court. He raised two claims: (1) that there was insufficient evidence of "immediate flight," and (2) that his co-defendants acquittal collaterally estopped the state's prosecution. The district court concluded that Jimenez's first claim failed to state a constitutional error and allowed him 30 days to amend it. The court held that Jimenez's second claim was without merit. Jimenez did not amend the petition, and the district court dismissed it.
 
 
 7
 On November 18, 1988, Jimenez filed his third habeas petition in federal district court. He presented one claim: insufficient evidence of immediate flight. The district court concluded that the claim was not of constitutional magnitude and dismissed the petition.
 
 
 8
 In 1990, Jimenez filed his third petition for post-conviction relief in state court. He claimed: (1) that the jury had been improperly instructed on "immediate flight"; (2) that he had received ineffective assistance of trial counsel; and (3) that there was insufficient evidence of immediate flight. The court concluded that the claims either had been raised or could have been raised in Jimenez's prior state petitions for post-conviction relief. As a result, it dismissed the claims pursuant to Arizona Rules of Criminal Procedure 32.2 and 32.10.
 
 
 9
 On October 9, 1992, Jimenez filed his fourth habeas petition in federal district court, the petition that we consider here. Jimenez asserts four claims: (1) that the jury was improperly instructed on "immediate flight"; (2) that the trial was prejudiced by prosecutorial misconduct; (3) that there was insufficient evidence of immediate flight; and (4) that the state was collaterally estopped from prosecuting him because of his co-defendants acquittal. The district court denied the petition.
 
 II.
 
 10
 Jimenez's first claim asserts that the trial judge improperly instructed the jury on immediate flight. The district court concluded that it could not consider the claim because Jimenez had procedurally defaulted it in state court. On appeal, Jimenez contends that he can show "cause and prejudice" for the procedural default. Coleman v. Thompson, 501 U.S. 722, 750 (1991).
 
 
 11
 First, Jimenez contends that he can show "cause" because he received ineffective assistance of post-conviction counsel. However, Jimenez failed to exhaust his claim of ineffective assistance of post-conviction counsel in state court. Thus, the district court properly rejected this ground for "cause". Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Tacho v. Martinez, 862 F.2d 1376 (9th Cir.1988).
 
 
 12
 Second, Jimenez contends that he can show "cause" because he was denied meaningful access to the courts from 1979 to the present. Jimenez raises this contention for the first time in his reply brief. Ordinarily, we will not consider an issue that is first raised in a reply brief. See Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir.1991). However, even if we were to consider the merits of the issue, we would conclude that Jimenez has failed to show "cause" for the state court default because he has failed to show that he was personally denied meaningful access to the courts. See Thomas v. Lewis, 945 F.2d 1119 (9th Cir.1991).
 
 
 13
 Finally, Jimenez argues that even if he has not shown "cause and prejudice" for the default, the court should still review the claim in order to prevent a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. To show that a fundamental miscarriage of justice would occur, however, the petitioner must show by clear and convincing evidence that he is factually innocent of the crime. Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992). The record does not demonstrate that Jimenez is factually innocent of felony murder. Thus, the district court properly dismissed Jimenez's first claim.
 
 III.
 
 14
 The district court properly rejected Jimenez's final three claims as abuses of the writ. In the first of these three claims, Jimenez asserts prosecutorial misconduct at trial. The district court concluded that Jimenez abused the writ by not raising this claim in a previous habeas petition. McClesky v. Zant, 499 U.S. 467, 488 (1991). On appeal, Jimenez asserts that he can show "cause and prejudice" for his failure to bring the claim earlier. Id. at 494. However, Jimenez points to the same "causes" that we found inadequate to excuse the procedural default of his first claim. Moreover, as we have discussed, Jimenez has failed to show a "fundamental miscarriage of justice" because he has failed to demonstrate his factual innocence. Id.
 
 
 15
 In his remaining two claims, Jimenez asserts that there was insufficient evidence of immediate flight and that collateral estoppel should have barred the state's felony murder prosecution. The district court properly dismissed the claims. Both contentions were rejected on the merits in Jimenez's earlier habeas petitions, and Jimenez has failed to show that the district court abused its discretion in refusing to consider them again. Campbell v. Blodgett, 997 F.2d 512, 516-17 (9th Cir.1992).
 
 IV.
 
 16
 For these reasons, we conclude that the district court properly dismissed Jimenez's fourth habeas petition.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A.R.S. Sec. 13-1105 states that a person commits first degree murder if "[a]cting either alone or with one or more other persons such person commits ... robbery ... and in the course of and in furtherance of such offense or immediate flight from such offense, such person or another person causes the death of any person."