46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert E. WHITE, Petitioner-Appellant,
v.
John R. HALLAHAN, et al., Respondents-Appellees.
 No. 94-16311.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 MEMORANDUM**
 Robert Earl White, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. In 1986, White was convicted of burglary and sexual assault. He was sentenced to a mandatory life sentence for the sexual assault conviction to be served consecutively to a 20-year term of imprisonment for the burglary conviction. White contends the district court erred when it denied his petition as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. Sec. 2254. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), we affirm.
 Absent cause and prejudice or a fundamental miscarriage of justice, new claims raised in subsequent petitions are barred as an abuse of the writ. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). In order to establish cause, petitioner must show that " 'some objective factor external to the defense' " prevented petitioner from raising the claim in his prior federal petition. Id. at 493 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). In order to demonstrate a fundamental miscarriage of justice, petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496. Bare allegations of factual innocence are insufficient to meet the fundamental miscarriage of justice exception. Thomas v. Goldsmith, 979 F.2d 746, 749-50 (9th Cir.1992).
 
 
 1
 On November 13, 1989, White filed his first petition which raised numerous claims and was denied by the district court on August 28, 1991. On June 18, 1992, after noting that White had not raised ineffective assistance of counsel before the district court, this court affirmed the district court's denial of White's first petition.
 
 
 2
 On December 8, 1992, White filed this petition, his second, which raises ineffective assistance of counsel. He contends that inadequate access to the prison law library, inadequately trained legal assistants and his limited education provide cause for his failure to include all his claims in his first petition. Alternatively, he contends that he can establish a fundamental miscarriage of justice. We disagree.
 
 
 3
 At the time of his first petition, White was warned repeatedly that he must raise all claims in those proceedings as future petitions could be barred. On December 24, 1990, the district court advised White that the claims recently denied by the state supreme court, which included ineffective assistance of counsel, "should be presented to this Court by means of amending the first petition." The district court warned White that:
 
 
 4
 failure to file a motion to amend and proposed amended petition as provided herein shall result in the denial of a future motion to amend the instant petition. Petitioner is again advised that a future federal habeas petition may also be precluded.
 
 
 5
 On January 4, 1991, White filed a motion to amend his petition to include the claims which he had recently presented to the state supreme court, but he failed to file an amended petition. On February 11, 1991, White filed a motion for judgment on the pleadings. On February 28, 1991, the district court informed White that he:
 
 
 6
 must lodge with the court a proposed amended petition. The amended petition must be completely rewritten with no reference to the present petition....
 
 
 7
 Petitioner is again advised that his failure to comply with this order and its previous order on lodging and filing an amended petition shall compel this Court to proceed with the original petition. If petitioner brings a second petition with claims that he could have presented at this time, it is likely that the petition will be summarily dismissed as an abuse of the writ.
 
 
 8
 On April 20, 1991, the district court granted White additional time to file an amended petition. Despite numerous opportunities to do so, White never filed an amended petition.
 
 
 9
 Even if the law libraries and the legal assistance provided at the prison were inadequate, see Casey v. Lewis, No. 93-17169, slip op. 15965 (9th Cir. Dec. 27, 1994), White has failed to show that these conditions caused his failure to comply with the district court's express instructions to file an amended petition. See McCleskey, 499 U.S. at 493 (petitioner must show that an objective factor external to the defense prevented petitioner from raising the claim); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908 (9th Cir.1986) (pro se status does not establish cause); see also Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir.1991) (procedural default not excused if petitioner fails to show causal relationship between procedural default and inadequate legal resources in prison).
 
 
 10
 White's unsupported allegation that he is innocent of the crimes of which he was convicted is insufficient to establish that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." See Murray v. Carrier, 477 U.S. at 496; Thomas, 979 F.2d at 749-50.
 
 
 11
 As White has failed to establish either cause and prejudice or a fundamental miscarriage of justice, we affirm the district court's denial of his second petition as an abuse of the writ. See McCleskey, 499 U.S. at 493-94.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3