67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin Marion BENSON, Petitioner-Appellant,
v.
Dale COPELAND, Respondent-Appellee.
 No. 94-17062.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Marion Benson, an Arizona prisoner, appeals pro se the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Benson claims the district court erred by finding that he procedurally defaulted on his claims in state court. We have jurisdiction under 28 U.S.C. Secs. 1291, 2253. We review the dismissal of a habeas petition de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 
 3
 A claim is procedurally defaulted for federal habeas corpus purposes if the state court relies on a procedural default to deny relief. Harris v. Reed, 489 U.S. 255, 263 (1989); Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992). If the highest court does not explain the reason for denying the claim, we will look back to the last reasoned state court decision to determine if the claim is procedurally barred. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). A court will hear a habeas claim despite a state procedural default if it finds cause for the default and prejudice from the alleged violations of federal law. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991).
 
 
 4
 Benson claimed in the district court that his guilty plea was unlawfully induced and that his sentence was unlawful and unconstitutional.[1] He also raised these issues in a petition for post-conviction relief in the Arizona courts. The last reasoned state court decision found that Benson defaulted on his claims because he did not raise the claims in his direct appeal.
 
 
 5
 Because the Arizona courts determined that Benson's claims were procedurally barred, he has procedurally defaulted on the claims raised in his federal habeas corpus petition. See Harris, 489 U.S. at 263; Thomas, 979 F.2d at 749; see also Nunnemaker, 501 U.S. at 803. We reject Benson's claim that Arizona's reliance on his procedural default was so unpredictable or irregular that his default should be excused. See Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir.1992) (en banc) (adequate procedural bar exists in Arizona's rule that prisoner must raise claim on direct appeal before state court will consider claim on collateral review), cert. denied, 113 S.Ct. 1600 (1993); see also Coley v. Gonzales, 55 F.3d 1385, 1387 (9th Cir.1995) (claim procedurally barred where Arizona prisoner failed to raise claim in direct state appeal). Finally, because Benson does not allege any cause or prejudice for his procedural default, his claims are procedurally barred. See Coleman, 501 U.S. at 749-50.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We agree with the district court that Benson's sentencing claim is based solely on state law grounds, and therefore is not cognizable on federal habeas corpus. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (state prisoner must allege that his detention violates Constitution, federal statute, or treaty in order to state a habeas claim)
 
 
 [2]
 Despite Benson's claim to the contrary, he was not entitled to a default judgment because the state failed to respond to his summary judgment motion timeously. Cf. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990) (failure to respond to claims in habeas petition does not entitle petitioner to default judgment)