69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Ronald RAMOS, Petitioner-Appellant,
v.
William J. BUNNELL, Warden; Attorney General of the State
of California, Respondents-Appellees.
 No. 95-55367.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner David Ronald Ramos appeals the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Ramos contends that he was unconstitutionally denied the benefit of a change in state law regarding peremptory jury challenges, and that the evidence was insufficient to find him guilty as an aider and abettor to murder. We have jurisdiction under 28 U.S.C. Secs. 1291, 2253. We review the denial of a habeas petition de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 The state contends that Ramos procedurally defaulted on his claims involving peremptory challenges, and fails to show cause or prejudice for the default. See Harris v. Reed, 489 U.S. 255, 263 (1989); Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992). The district court declined to reach the procedural default issue, and the record does not permit resolution of the issue. We conclude, however, that the claims fail on the merits.
 
 
 4
 Ramos contends that the California Supreme Court violated controlling state law when it applied its decision in People v. Yates, 669 P.2d 1 (Cal.1983) prospectively only. We defer to a state court's interpretation of its own laws unless that interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation. See Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989). The state court's interpretation of state law in this case is neither untenable nor a subterfuge, and we therefore defer to that interpretation. See id.
 
 
 5
 Ramos next claims that he was denied equal protection because the California Supreme Court applied Yates retroactively for the benefit of another defendant, Box, but not for Ramos. See Powell v. Ducharme, 998 F.2d 710, 716 (9th Cir.1993) (state violates equal protection when it applies rule of law retroactively in some cases, but not others, absent a rational basis), cert. denied, No. 94-8813, 1995 WL 230695 (U.S. Oct. 2, 1995); Meyers v. Ylst, 897 F.2d 417, 421 (9th Cir.) (same), cert. denied, 498 U.S. 879 (1990).
 
 
 6
 Unlike Box, Ramos did not present his preemptory challenge issue to the California Supreme Court at the same time as Yates, and his case was not pending in that court when Yates was decided. Cf. Yates, 669 P.2d at 7 n. 6 (applying decision to Box because Box's case was calendared as a potential companion case and was pending at time of decision). The California Supreme Court therefore had a rational basis for applying Yates retroactively to Box but not to Ramos. See Powell, 998 F.2d at 717; Meyers, 897 F.2d at 421.
 
 
 7
 Ramos claims the evidence at his trial was insufficient to convict him as an aider and abettor to murder because no evidence demonstrated that Ramos shared the knowledge and intent of his codefendant to kill the victim.
 
 
 8
 Sufficient evidence supports a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In California, an accomplice is liable for the acts of the principle where the accomplice "act[s] with knowledge of the criminal purpose of the perpetrator and with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense." People v. Beeman, 674 P.2d 1318, 1325 (Cal.1984).
 
 
 9
 Ramos was present during discussions concerning the murder of the victim, was offered a share of the codefendant's money for committing the crime, and drove the codefendant to and from the scene of the murder. Ramos's claim that he thought the discussions were all a joke was evidently not believed by the jury. The evidence was constitutionally sufficient to demonstrate the requisite knowledge and intent. See Jackson, 443 U.S. at 319; Beeman, 674 P.2d at 1325.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3